IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| SIN YORK CITY a/k/a<br>RAYMOND DAKIM JOINER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:14-CV-557-D |
| STATE OF NORTH CAROLINA, | ) ) ) | |
| Defendant. | ) | |
| | | |
| SIN YORK CITY a/k/a<br>RAYMOND DAKIM JOINER, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:14-CT-3262-D |
| DEPARTMENT OF PUBLIC SAFETY, | ) ) ) | |
| Defendant. | ) | |
| | | |
| RAYMOND DAKIM JOINER, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 5:14-CT-3278-D |
| STATE OF NORTH CAROLINA, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Between October 1 and November 13, 2014, Sin York City a/k/a Raymond Dakim Joiner ("Joiner" or "plaintiff"), a state inmate proceeding pro se, commenced the three actions captioned

above by filing an "affidavit of truth," an "affidavit," or a "declaration of a foreign neutral." See 557 Compl. [D.E. 1]; 3262 Compl. [D.E. 1]; 3278 Compl. [D.E. 1]. Joiner proceeds in forma pauperis in two of the actions. 557 Order [D.E. 3]; 3262 Order [D.E. 6].

Joiner's filings, although lengthy, are not a model of clarity. Joiner describes himself as a "natural, freeborn sovereign" who can "not . . . be compelled to perform under any contract that [he] did not enter into knowingly, voluntarily, and intentionally." 557 Compl. 1–2. Alternatively, Joiner's "body is a vessel under 18 U.S.C. 7(1)." 3262 Compl. 2. All of Joiner's filings contain quotations from the United States Constitution, various Supreme Court cases, statutes, and other materials. See 557 Compl. 10–17; 3262 Compl. 1–4; 3278 Compl. 1–16. On each cover sheet, Joiner noted state-court criminal case numbers, names state-court judges, and demands between $120,000,000 and $600,000,000 in damages. 557 Cover Sheet [D.E. 1-1]; 3262 Cover Sheet [D.E. 1-2]; 3278 Cover Sheet [D.E. 1-2]; see Joiner v. Perry, No. 1:14CV509, 2014 WL 2930724, at *1 (M.D.N.C. June 27, 2014) (unpublished) ("According to the Petition and records of the North Carolina Department of Public Safety, on January 3, 2014, the Superior Court of Guilford County entered judgment against Petitioner for breaking and entering, larceny of goods valued at over $1,000, and habitual breaking and entering in cases 12 CRS 96717, 12 CRS 96718, and 13 CRS 24142.").

Joiner is a familiar litigant to the district courts of North Carolina, having filed at least thirty-four actions in five years. See Admin. Office of the U.S. Courts, PACER Case Locator, www.pacer.gov (search "Joiner, Raymond" in North Carolina). The PLRA's three-strikes provision allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

2

which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407–10 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). Joiner has filed at least three actions that courts have dismissed as frivolous, malicious, or failing to state a claim. See Joiner v. Dep't of Pub. Safety, No. 1:13CV933, 2013 WL 5776570, at *6 (M.D.N.C. Oct. 25, 2013) (unpublished); Joiner v. Friel, No. 1:13CV448, 2013 WL 3716876, at *4 (M.D.N.C. July 12, 2013) (unpublished); Judgment, Joiner v. Captain Maness, No. 1:11-cv-71, (M.D.N.C. Feb. 17, 2012), [D.E. 12]; Judgment, Joiner v. Captain Maness, No. 1:11-cv-72 (M.D.N.C. Nov. 10, 2011), [D.E. 13].

To avoid dismissal, Joiner must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of section 1915(g). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. The court has thoroughly reviewed all of Joiner's filings and concludes that Joiner has failed to make such a showing. Thus, Joiner has not made a plausible showing that this action should proceed under the exception to the three-strikes rule.

Alternatively, the court dismisses Joiner's complaints as frivolous. Joiner's "claims are rambling and nonsensical. They focus primarily on violations of his 'sovereignty' and deprivation of his nationality. Plaintiff speaks of contracts, secured parties, admiralty law, and maritime law, none of which have any apparent relation to his cases or to any possible violation of his federal

3

rights." Joiner, 2013 WL 3716876, at *3; see Joiner, 2014 WL 2930724, at *2 (noting that Joiner's "Petition and 'Affidavit' contain numerous logical, legal, and factual fallacies").

In sum, the court DISMISSES these actions under 28 U.S.C. § 1915(g), or, alternatively, as frivolous pursuant to 28 U.S.C. § 1915A. The clerk shall close the cases.

SO ORDERED. This 27 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge

4